UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: FRANK HOWARD CLARK,
<u>Debtor.</u>

FRANK HOWARD CLARK,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 99-2125

CLIFFORD R. BRIDGFORD,
<u>Defendant-Appellee,</u>

and

UNITED STATES TRUSTEE,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-735-AW, BK-98-1675-PM)

Submitted: February 29, 2000

Decided: March 17, 2000

Before NIEMEYER and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Victor Jorgensen, Middletown, Maryland, for Appellant. Scott
C. Borison, LEGG LAW FIRM, L.L.C., Frederick, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank Howard Clark appeals from the district court's order affirming the bankruptcy court's order dismissing his complaint in which he sought a declaratory judgment and injunctive relief to enjoin Clifford Bridgford from pursuing his lien against property that Clark had a right to purchase under a settlement agreement approved by the bankruptcy court. The bankruptcy court determined that Clark, the debtor, was not a party to the dispute and that the Chapter 7 trustee had no interest in the property. Also, Clark had been granted a discharge; therefore, the automatic stay was not applicable and the bankruptcy court had no jurisdiction over the matter. The district court affirmed this disposition.

After a de novo review of the record, we agree that the automatic stay was not in effect when Bridgford obtained his lien, see 11 U.S.C.A. § 362(c) (West 1993 & Supp. 1999), and that the subject property was not property of Clark's bankruptcy estate. Further, we find no abuse of discretion in the bankruptcy court's refusal to exercise its authority under 11 U.S.C. § 105(a) (1994), when such action would not affect the bankruptcy estate or the rehabilitation of the debtor. See Indian Motorcycle Assocs. III Ltd. Partnership v. Massachusetts Hous. Fin. Agency, 66 F.3d 1246, 1249 (1st Cir. 1995); Commonwealth Oil Ref. Co. v. United States Envtl. Protection Agency (Matter of Commonwealth Oil Ref. Co.), 805 F.2d 1175, 1188 (5th Cir. 1986). Clark's right to purchase the property under the settlement agreement was a postpetition right. Bridgford's levy on the property was foreseeable at the time of the settlement and was not in contravention of any order of the bankruptcy court. Accordingly, we affirm the district court's order affirming the bankruptcy court's dismissal of Clark's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED